BOSSERT et al. v. DHUY et al.

(Supreme Court, Appellate Division, Second Department.    November 27, 1914.)

Appeal from Special Term, Kings County.

Action by Louis Bossert and John Bossert, copartners, against Frederick Dhuy and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

See, also, 151 N. Y. Supp. 877.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

PER CURIAM.    Judgment affirmed, with costs, upon the authority of Bossert v. Dhuy, 151 N. Y. Supp. 877, decided herewith, and Newton Co. v. Erickson, 70 Misc. Rep. 291, 126 N. Y. Supp. 949, affirmed 144 App. Div. 939, 129 N. Y. Supp. 1111.

---

ALBRO J. NEWTON CO. v. ERICKSON et al.

(Supreme Court, Appellate Division, Second Department.    November 27, 1914.)

Appeal from Special Term, Kings County.

Action by the Albro J. Newton Company against Henry Erickson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 150 N. Y. Supp. 1073.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

PER CURIAM.    Judgment affirmed, with costs, upon the authority of Bossert v. Dhuy, 151 N. Y. Supp. 877, decided herewith.

---

MILES MFG. CO. v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Appellate Term, First Department.    March 4, 1915.)

1. CARRIERS (§ 83*)—DELIVERY OF GOODS—SURRENDER OF BILL OF LADING.

A steamship bill of lading to the shipper's order, covering transportation to the port of Genoa and providing for notification to B., further provided that the bill of lading duly indorsed should be given to the steamer's agent in exchange for a delivery order.    After the steamer sailed, the shipper wrote the steamship company that the consignment should have been addressed to a point 300 miles from Genoa, at which the steamship did not touch, and requesting that the company should ship the goods to that address "with the least possible delay and expense."    The steamship company accordingly delivered the shipment to a railroad company for transportation to such point without the surrender of the bill of lading, which two months after such letter was written was still held by the shipper, and the railroad company delivered the goods without the surrender of the bill of lading.    B. failed to pay a draft drawn by the shipper for the purchase price.    *Held*, that the shipper's letter to the steamship company asked it to do something which it was in no way obligated to do, and was wholly inconsistent with the clause in the bill of lading requiring its delivery to the steamer's agent in exchange for a delivery order,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

151 N.Y.S.—56